MICHAEL J. HEYMAN
United States Attorney

AINSLEY MCNERNEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Ainsley.McNerney1@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>ADEPOJU BABATUNDE SALAKO,<br><br>    Defendant. | No. 3:25-cr-00063-SLG-KFR<br><br>COUNTS 1–7<br>WIRE FRAUD<br> Vio. of 18 U.S.C. § 1343<br><br>CRIMINAL FORFEITURE ALLEGATION:<br> 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(a) |

**INFORMATION**

The United States Attorney charges that:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

1. Defendant ADEPOJU BABATUNDE SALAKO (SALAKO) was a resident of the State and District of Pennsylvania.

2. SALAKO was not a resident of the State and District of Alaska and never had been a resident of the State and District of Alaska.

3. SALAKO had never traveled to the State of Alaska.

Alaska Department of Revenue Permanent Fund Dividend

4. The Alaska Permanent Fund Dividend (PFD) is an annual dividend from investment earnings of mineral royalties that the Alaska Department of Revenue (DOR) is responsible for paying out to Alaska residents. The purpose of the annual payment is to distribute a share of the state's mineral revenue to benefit residents of the state. Eligibility to receive a dividend payment is determined by Alaska Statute Title 43 Section 23.005 (A.S. 43.23.005). In order to be eligible to receive one permanent fund dividend each year, an individual must, among other requirements, be a State of Alaska resident on the date of application, be a State of Alaska resident during the entire qualifying year, have been physically present in the state for at least 72 consecutive hours at some time during the prior two years before the current dividend year, and have been physically present in the state during the qualifying year, or absent only as allowed in A.S. 43.23.008. The number of eligible Alaskan applicants partly determines the dividend calculation each year.

5. Eligible applicants can apply for the PFD online by registering a myAlaska account, which is an online digital platform administered by the State of Alaska that allows citizens to interact with multiple State of Alaska services with a single username and password. The PFD application includes options for applicants to provide an email address, and if requesting direct deposit of funds into a particular bank account, to provide bank

account number and routing information. An applicant's myAlaska account retains data of each year's PFD application submitted through the platform.

## The General Scheme

6. Beginning on a date unknown, but at least by January 2, 2022, and continuing through at least February 28, 2022, SALAKO devised a material scheme and artifice to defraud the Alaska DOR PFD program. Specifically, SALAKO, using fraudulently obtained personal identifying information (PII) of legitimate residents of the State of Alaska, submitted 7 separate applications to the Alaska DOR to obtain PFD funds.

## Manner and Means

7. SALAKO obtained through fraudulent means the PII of several legitimate permanent residents of the State of Alaska.

8. SALAKO used Google email accounts (Gmail) and an email forwarding service known as 33mail to create multiple email accounts in the names of the legitimate Alaska residents whose PII Salako fraudulently obtained.

9. Using the fraudulently obtained PII, SALAKO gained control of at least 7 individuals' already established myAlaska online accounts. Once inside of the accounts, SALAKO changed the account information to route emails to the Gmail and 33mail accounts that he established for each individual.

10. SALAKO submitted a PFD application for each of the 7 individuals, changing the account information on each application to route PDF monies to bank accounts with Coastal Community Bank, headquartered in the State of Washington. Of the

7 applications, 5 routed monies to a Coastal Community Bank account in SALAKO's name.

11. For 6 of the 7 application submissions, SALAKO used a Virtual Private Network (VPN) to make it appear as though the applications were being submitted from an Internet Protocol (IP) address originating in the State of Alaska.

12. For one of the 7 applications, SALAKO submitted the application using an IP address originating in Philadelphia, Pennsylvania. Records from SALAKO's personal Gmail account showed logins from the same IP address originating in Philadelphia, Pennsylvania.

## COUNTS 1–7
(Wire Fraud – 18 U.S.C. § 1343)

13. Paragraphs 1 through 12 of this Information are hereby realleged in their entirety and incorporated by reference herein.

14. On or about the dates set forth in the separate counts below, within the District of Alaska and elsewhere, the defendant, ADEPOJU BABATUNDE SALAKO, did knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs and signals, namely:

//

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | January 2, 2022 | Fraudulent submission of application routed through the State of Alaska Department of Revenue Permanent Fund Dividend online portal, requesting payment be routed to a bank in the State of Washington |
| 2 | January 31, 2022 | Fraudulent submission of application routed through the State of Alaska Department of Revenue Permanent Fund Dividend online portal, requesting payment be routed to a bank in the State of Washington |
| 3 | February 3, 2022 | Fraudulent submission of application routed through the State of Alaska Department of Revenue Permanent Fund Dividend online portal, requesting payment be routed to a bank in the State of Washington |
| 4 | February 12, 2022 | Fraudulent submission of application routed through the State of Alaska Department of Revenue Permanent Fund Dividend online portal, requesting payment be routed to a bank in the State of Washington |
| 5 | February 12, 2022 | Fraudulent submission of application routed through the State of Alaska Department of Revenue Permanent Fund Dividend online portal, requesting payment be routed to a bank in the State of Washington |
| 6 | February 14, 2022 | Fraudulent submission of application routed through the State of Alaska Department of Revenue Permanent Fund Dividend online portal, requesting payment be routed to a bank in the State of Washington |
| 7 | February 17, 2022 | Fraudulent submission of application originating from servers in the State of Pennsylvania, and routed through the State of Alaska Department of Revenue Permanent Fund Dividend online portal, requesting payment be routed to a bank in the State of Washington |

All of which is in violation of 18 U.S.C. § 1343.

CRIMINAL FORFEITURE ALLEGATION

15. The allegations contained in Counts 1 through 6 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture

U.S. v. Salako

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

16. Upon conviction of any offenses in violation of 18 U.S.C. § 1343 set forth in Counts 1 through 6 of this Information, the defendant, ADEPOJU BABATUNDE SALAKO, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or persona, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such violation(s), including but not limited to a money judgment for a sum of money equal to the value of the property subject to forfeiture.

If any property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to seek forfeiture of substitute property pursuant to pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).

All pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

//

RESPECTFULLY SUBMITTED September 1, 2025 at Anchorage, Alaska.

    MICHAEL J. HEYMAN
    United States Attorney

    /s/ *Ainsley McNerney*
    AINSLEY MCNERNEY
    Assistant United States Attorney
    United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s *Ainsley McNerney*

U.S. v. Salako